Filed 8/26/13  Toveg v. Gross CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| ISAAC TOVEG,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>ANDREA B. GROSS, et al.,<br><br>    Defendants and Respondents. | B237948<br><br>(Los Angeles County<br>Super. Ct. No. BC442865) |

 APPEAL from a judgment of the Superior Court of Los Angeles County, David L. Minning, Judge.  Reversed.

 Isaac Toveg, in pro. per., for Plaintiff and Appellant.

 Gordon & Rees, Jason F. Meyer, Matthew G. Kleiner and Jon S. Tangonan for Defendants and Respondents.

————————————————

Isaac Toveg sued the prior owners of the property adjacent to his home, asserting that a broken sewer pipe on their property caused him to contract a bacterial illness. The property owners moved for and obtained summary judgment in the trial court. Toveg appeals. We reverse the summary judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

In August 2010, Toveg sued Andrea Gross and the Estate of Adam Goldstein, the prior owners of the home adjacent to his own, asserting negligence and premises liability based upon a broken sewer pipe that they allegedly failed to detect and repair. Toveg claimed that as a result of their failure to repair the sewer pipe, a foul odor was emitted from their property, causing him breathing and stomach problems; ultimately, he was diagnosed with stomach ailments and a *Helicobacter pylori* infection.

The defendants moved for summary judgment on two grounds: (1) that the claims were barred by the statute of limitations; and (2) that Toveg could not demonstrate causation. The trial court granted summary judgment on both grounds. Toveg appeals.

## DISCUSSION

A motion for summary judgment is properly granted only when "all the papers submitted show that there is no triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (Code Civ. Proc.,[1] § 437c, subd. (c).) In reviewing an order granting summary judgment, the appellate court independently determines whether, as a matter of law, the motion for summary judgment should have been granted. "The purpose of the law of summary judgment is to provide courts with a mechanism to cut through the parties' pleadings in order to determine whether, despite their allegations, trial is in fact necessary to resolve their dispute." (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 843 (*Aguilar*).)

---

[1] Unless otherwise indicated, all statutory references are to the Code of Civil Procedure.

We review the trial court's ruling granting summary judgment de novo and independently examine the record to determine whether there is a triable issue of material fact. (*Aguilar*, *supra*, 25 Cal.4th at p. 860.) In performing our de novo review, we consider all evidence presented by the parties in connection with the motion (except that which the trial court properly excluded) and all uncontradicted inferences that the evidence reasonably supports. (*Merrill v. Navegar, Inc*. (2001) 26 Cal.4th 465, 476.) Here, we conclude that the summary judgment was erroneously granted because the defendants did not establish that there exists no triable issue of material fact as to the statute of limitations or as to causation.

## I. Statute of Limitations

The first basis for the trial court's summary judgment ruling was that the action was barred by the two-year statute of limitations (§ 335.1). As the trial court construed the evidence submitted in conjunction with the summary judgment, Toveg became aware of an odor from the defendants' property in September or October 2007 and was first diagnosed with an *H. pylori* infection in December 2007. The court concluded that the delayed discovery rule, under which a cause of action does not accrue until a reasonable person would have discovered the factual basis for a claim (*Broberg v. Guardian Life Ins. Co. of America* (2009) 171 Cal.App.4th 912, 920-921), did not apply here, because Toveg had reason to suspect the factual basis for his claim in 2007 when he was diagnosed with the illness and smelled the odor from the adjacent property. As he did not file suit until August 3, 2010, more than two years later, the court concluded that the action was barred by the statute of limitations.

The trial court appears to have failed to consider Toveg's argument that the continuous accrual theory applies here. "The theory [of continuous accrual] is a response to the inequities that would arise if the expiration of the limitations period following a first breach of duty or instance of misconduct were treated as sufficient to bar suit for any subsequent breach or misconduct; parties engaged in long-standing misfeasance would thereby obtain immunity in perpetuity from suit even for recent and ongoing misfeasance.

3

In addition, where misfeasance is ongoing, a defendant's claim to repose, the principal justification underlying the limitations defense, is vitiated." (*Aryeh v. Canon Business Solutions, Inc.* (2013) 55 Cal.4th 1185, 1198.) "[C]ontinuous accrual applies whenever there is a continuing or recurring obligation: 'When an obligation or liability arises on a recurring basis, a cause of action accrues each time a wrongful act occurs, triggering a new limitations period.' [Citation.] Because each new breach of such an obligation provides all the elements of a claim—wrongdoing, harm, and causation [citation]—each may be treated as an independently actionable wrong with its own time limit for recovery." (*Id*. at p. 1199.) The theory of continuous accrual supports recovery only for damages arising from those breaches falling within the limitations period. (*Ibid*.)

Here, Toveg presented evidence of an ongoing sewer leak at the adjacent home that caused sewage to spill onto his property whenever the home was occupied: from a foul odor indicative of a sewer problem first detected in September or October 2007 until the break was discovered and repair work performed on the sewer line in October 2009. Here, it cannot be that because Toveg smelled a foul odor in September or October of 2007 and was found to have contracted *H. pylori* soon thereafter, his failure to file suit within two years of the smell or the diagnosis immunized the defendants for sewage spills onto his property for all time. Toveg also asserts that he had recurring infections, along with other recurring and increasing symptoms, some lasting until 2010. The continuing accrual theory permits Toveg to sue for the discrete acts and ongoing injuries occurring within the two years immediately preceding the filing of his suit. Accordingly, the court's conclusion that the statute of limitations barred the action in its entirety was error, and the summary judgment on this basis may not stand.

II.    Causation

The trial court, having granted the evidentiary objections raised by the defendants to the declaration of Toveg's treating physician and expert witness, also granted summary judgment on the theory that Toveg could not prove that the defendants' conduct was a substantial factor in causing his injuries. As Toveg demonstrated that there exists a

triable issue of material fact as to causation, the trial court erred when it granted summary judgment on this basis.

The defendants moved for summary judgment on causation grounds, asserting as relevant undisputed material facts that Toveg had not tested any substances for the presence of sewage; he did not know whether materials that came from their home contained sewage; and he had submitted factually devoid special interrogatory responses, from which it could be concluded that he possessed no evidence on the subject of testing and causation. Toveg disputed each of these alleged facts and submitted evidence that fecal materials had been found in five samples of soil taken from the defendants' property. He further provided the declaration of his physician, Jeffrey Sherman, M.D., in which Sherman declared that he had treated Toveg; described Toveg's ailments and treatment; described medical studies he had reviewed concerning health hazards from exposure to sewage; set forth conditions at the Toveg home and at the defendants' property; explained the laboratory results as indicating that defendants' property remained contaminated with fecal matter; related his opinion as to how fecal contamination on the defendants' property likely led to Toveg's exposure to health hazards; and opined that Toveg "with reasonable probability was exposed to stench [from the defendants' property] that caused stomach ailments [including] but not limited to H. Pylori and became sick as a result of that." Sherman declared that after Toveg was first treated in March 2008 for an *H. pylori* infection, he experienced three recurrences of *H. pylori*; that he developed two ulcers and a hernia in August 2008; and that his belching and burping increased during those recurrences. Sherman observed that the *H. pylori* "finally was eradicated as of December of 2008," after the toilet was shut down at defendants' property. As of 2010 Toveg had no ulcers or sign of *H. pylori*, but his stomach remained inflamed. Sherman concluded based upon his review of Toveg's medical files and scientific studies, as well as facts described by Toveg, that "Mr. Toveg's neighbor's conduct (defendants Ms. Andrea B. Gross and the Estate of Adam Michael Goldstein) [was] with reasonable probability a substantial factor in causing Mr. Toveg's stomach [ailments]."

5

The defendants objected to Sherman's declaration on grounds of improper expert testimony, unintelligibility, relevance, and lack of foundation/speculation. The court sustained all the objections to this declaration and excluded it in its entirety. Toveg claims on appeal that the court erred in sustaining the evidentiary objections, and we agree.[2] Sherman related his personal knowledge as Toveg's treating physician with respect to Toveg's conditions and treatment; he related his medical expert opinions on the cause of Toveg's ailments, a subject sufficiently beyond common experience that the opinion of an expert would assist the trier of fact; and he based his opinions on matter perceived by or personally known to him or made known to him that was of a kind that reasonably may be relied upon by an expert in forming an opinion upon the subject to which the testimony related. The evidence based on personal knowledge was admissible pursuant to Evidence Code section 702, and the expert opinion was competent evidence pursuant to Evidence Code section 801.

Considering Sherman's declaration in our review of the record on appeal, we conclude that Toveg demonstrated that triable issues of material fact exist with respect to causation. He made an evidentiary showing that he had tested for the presence of sewage and that sewage was found in those samples; and he presented the expert opinion of a physician that exposure to the sewage originating from the defendants' property caused him physical injury. Accordingly, the trial court erred when it granted summary judgment on the ground that Toveg could not show that the defendants were a substantial factor in causing his injuries.

Defendants argue on appeal that Toveg failed to demonstrate a triable issue of fact as to causation because he "was required to present evidence demonstrating that the leaking sewer line was the source of the H. Pylori," but he provided "no evidence that the

---

[2] The Supreme Court has left open the question of whether rulings on evidentiary objections based on papers alone in summary judgment proceedings are reviewed for an abuse of discretion or reviewed de novo. (*Reid v. Google, Inc.* (2010) 50 Cal.4th 512, 535.) We need not resolve that question here, because under either standard of review the rulings on the Sherman declaration are erroneous.

material that came from Respondents' property contained H. Pylori." They similarly contend that the Sherman declaration was properly excluded because it was "not competent evidence of the issue presented by Respondents' motion for summary judgment-whether H. Pylori came from Respondents' property as opposed to some other source." Defendants mischaracterize their motion for summary judgment. Defendants' central allegedly undisputed issue of material fact was not that Toveg had not tested for *H. pylori*, but that he had not tested for *sewage*. In response, Toveg demonstrated that a disputed issue of material fact did in fact exist as to the presence of sewage when he presented evidence of tests showing that the defendants' property was contaminated with fecal matter. Moreover, Toveg's asserted injuries were not limited to contracting *H. pylori*: he contended that exposure to the sewage and odors emanating from defendants' property caused him breathing problems and stomach ailments, among which was an *H. pylori* infection. Proof of the presence of *H. pylori* in the soil samples, therefore, was not necessary to rebut the defendants' evidentiary showing in conjunction with the motion for summary judgment, and the absence of testing for that specific bacterium did not preclude Toveg from demonstrating a triable issue of fact as to whether the defendants' conduct caused Toveg injury. The asserted missing nexus in Sherman's declaration between Toveg's contact with water from the defendants' property and his *H. pylori* infection is a similar red herring that afforded no basis for excluding Sherman's testimony because Toveg presented evidence that the leaks from defendants' property caused him injuries beyond an *H. pylori* infection, and the declaration was not limited to the subject of injuries caused by *H. pylori*, but instead set forth the basis for Sherman's conclusion that exposure to the sewage leaks, sewage odors, and liquids flowing to Toveg's property from the defendants' property was a substantial factor in causing Toveg's stomach ailments and other injuries. The trial court erred when it granted summary judgment in defendants' favor.

## DISPOSITION

The judgment is reversed.  Appellant shall recover his costs on appeal.


ZELON, J.


We concur:


PERLUSS, P. J.


WOODS, J.